UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

)
)
)
In re: Richard P. SIMONE      )    3:22-CV-557 (OAW)
)
)
)

## RULING DISMISSING APPEAL

**THIS CAUSE** is before the court upon Appellees' Motion to Dismiss ("Motion"). *See* ECF No. 33.  The court has reviewed the Motion, Appellant's opposition thereto, *see* ECF No. 36, Appellees' reply in support of the Motion, *see* ECF No. 40, and the record in this matter and is thoroughly advised in the premises.  For the following reasons, the Motion is **GRANTED.**[1]

## I.     BACKGROUND[2]

This is an appeal from an underlying adversarial proceeding currently pending before the United States Bankruptcy Court for the District of Connecticut.  That underlying proceeding challenges a bankruptcy action that Mr. Simone initiated in 2018.  The

---

[1] The court finds that the briefs are thorough and complete and that there is no need for oral argument on the Motion.  Therefore, the request for oral argument is denied.  See D. Conn. L. Civ. R. 7(a)(3) ("Notwithstanding that a request for oral argument has been made, the Court may, in its discretion, rule on any motion without oral argument.").

[2] The facts herein are taken from the bankruptcy court's summation of the facts in its ruling on Appellees' motion for summary judgment in the underlying proceeding, which is available at docket entry 515 of the bankruptcy action's docket, bankruptcy case number 19-02005.  It is incorporated into the docket of this appeal through the transmission of the bankruptcy appeal record, which is docketed at ECF No. 8.

complaint in the underlying adversarial proceeding alleges that Mr. Simone perpetrated a fraud upon the plaintiffs by inducing them to "invest" $495,000 (collectively) into a real estate opportunity in Dubai, which opportunity never materialized (and allegedly never even existed).  Appellees argued that Mr. Simone had defrauded them, and therefore the money taken from them constituted a debt that either could not or should not be discharged in his bankruptcy action.  They stated six separate theories for relief, each in a different count, and each relating to a different provision of the Bankruptcy Code.

After a lengthy discovery period (made so in part by Mr. Simone's inability to produce almost any relevant documentation), the plaintiffs moved for summary judgment on all their claims.  While that motion was still pending, the bankruptcy court allowed Appellees to amend their complaint to assert a seventh count for civil damages.  Also while summary judgment was under review, Appellees moved for sanctions and attorneys' fees for Mr. Simone's allegedly dilatory and evasive discovery production.

The court granted both motions.  With respect to the motions for sanctions, the court agreed with Appellees that Mr. Simone had not participated in good faith in the discovery process, having failed to produce any original documentation (and hardly any documentation at all), including any documents that reasonably would have been retained in relation to an investment.  Even the documents he did produce appeared contradictory and of dubious authenticity.  Further, the bankruptcy court noted that Mr. Simone had changed his story about the Dubai investment multiple times, concluding that he had demonstrably lied about what had occurred.  Accordingly, the court found that Appellees were entitled both to their attorneys' fees and to an adverse presumption that the

2

information contained in the unproduced documents would have been unfavorable to Mr. Simone.

By separate ruling, the court granted summary judgment in favor of Appellees on their six original claims, concluding that the debt was not dischargeable in bankruptcy and that it should not be discharged because of Mr. Simone's fraudulent conduct.  The court found that Mr. Simone had failed to raise a genuine dispute as to any material fact in that he was unable to produce any original documentation (and almost no documentation at all) to corroborate his ever-changing claims.  The ruling did not address the seventh claim the plaintiffs first alleged in the amended complaint.

Mr. Simone moved for reconsideration of each ruling, which the court denied. Appellees submitted evidence of the fees incurred to address the discovery issues allegedly created by Mr. Simone.  After review, the court awarded fees in an amount of roughly $90,000 (approximately half of the requested amount).  Mr. Simone moved for further reduction, alleging that he was unable to pay the sum.  The court held a hearing on that issue and found that Mr. Simone was able to pay the amount awarded.

Mr. Simone has filed four separate appeals of various orders issued by the bankruptcy court in the adversarial action.  This case, into which another related appeal was consolidated,[3] objects to the imposition of sanctions for his dilatory performance during discovery, the denial of his request for reconsideration of the imposition of sanctions, and the rejection of Mr. Simone's professed indigency.  Appellees have moved to dismiss, arguing that the district court lacks jurisdiction over the appeals.

---

[3] Case no. 23-cv-275.

## II.   LEGAL STANDARD

It is axiomatic that federal courts have limited jurisdiction and must dismiss actions where subject matter jurisdiction is absent.  *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d. Cir. 2011).  A party seeking to bring a case in federal court has the burden of showing that there is federal subject matter jurisdiction.  *Cloister E., Inc. v. New York State Liquor Auth.*, 563 F. Supp. 3d 90, 102 (S.D.N.Y. 2021) (quoting *Shenandoah v. Halbritter*, 366 F.3d 89, 91 (2d Cir. 2004)).

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals of orders, judgments, and decrees issued by bankruptcy courts in three instances: (1) where the order, judgment, or decree is final, (2) where an interlocutory order extends or shortens certain procedural time periods, and (3) where the district court grants leave to appeal from an interlocutory order.  With respect to final orders, in the bankruptcy context an order is considered final where it "finally dispose[s] of discrete disputes within the larger case."  *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775 (2d Cir. 1992) (quoting *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1283 (2d Cir.1990)) (alteration added) (emphasis omitted).  "[A] 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted."  *Id.*  Generally speaking, an order as to the merits of a claim but which leaves open the calculation of damages is not considered "final" for the purposes of a bankruptcy appeal.  *Id.* (collecting cases).

When determining whether to consider an interlocutory appeal, a district court generally applies the standard used by appellate courts to determine whether to allow an appeal from a nonfinal order issued by a district court.  *Off. Creditors Comm. of Indus. Ceramics, Inc. v. Indus. Ceramics Assocs.*, 252 B.R. 296, 300 (W.D.N.Y. 2000).  Thus,

district courts will grant leave to appeal an interlocutory order from a bankruptcy court if (1) the order involves a controlling question of law about which "there is substantial ground for difference of opinion," and (2) the "immediate appeal from the order may materially advance the ultimate termination of the litigation." *Gache v. Balaber–Strauss*, 198 B.R. 662, 664 (S.D.N.Y.1996); *see also In re Club Ventures Invs. LLC*, 507 B.R. 91, 97 (S.D.N.Y. 2014) (outlining the same criteria listed in *Gache*).

## III.   **DISCUSSION**

Appellees argue that the orders in question are not final, and that they do not satisfy the criteria for allowing appeal of an interlocutory order, thus this court is without subject matter jurisdiction.  Mr. Simone counters that these orders, collectively, fully resolve a distinct claim for relief, and thus that he may appeal as of right.  Alternatively, he argues that the court should exercise its discretion to hear this interlocutory appeal.

The court finds that the subject orders do not constitute final orders that may be appealed as of right.  Mr. Simone concedes that a "final" order is one that resolves an entire dispute, or at least an entire claim upon which relief can be granted.  But here, the issue of sanctions is not even a complete claim in itself, much less one upon which complete relief can be granted.  To the contrary, in this case, the motion for sanctions is but a subsidiary part of the summary judgment phase of litigation, which itself gave rise to a second appeal (consolidated herein) which Mr. Simone continued to litigate in bankruptcy court even after filing his two appeals.  The court also notes that the adversarial proceeding has spawned several additional, separate appeals from Mr. Simone, which is further indication that this is not an appeal from a final order.  And

although Mr. Simone asserts that there is nothing left to do with respect to these sanctions but enforce them, the court notes that the adverse inference still must be applied and conclusions therefrom still must be drawn, which application itself may be subject to appeal.  Thus, the court concludes that the subject orders are not final, and that Mr. Simone may not appeal as of right.

Even if the court were to construe Mr. Simone's notice of appeal as a motion for leave to appeal, the court still would decline to grant leave to appeal.  It is unclear that there is a controlling question of law at issue here.  Rather, Mr. Simone appears to object to the bankruptcy court's application of relevant law to the facts of his case.  He attempts to create a question of law in the fact that the bankruptcy court did not cite to the relevant Federal Rule of Civil Procedure, but the lack of application of a specific rule (or a citation to a specific rule) does not evidence an error of law.  *See In re Parikh*, No. 09-MC-0227JFB, 2009 WL 2383032, at *2 (E.D.N.Y. July 30, 2009) (finding a bankruptcy order that failed to apply a local rule did not merit interlocutory review).  Moreover, the orders cite and apply the same standards of law that Mr. Simone outlines as applicable to the issue of sanctions.  Thus, any claim that the bankruptcy court failed to apply any relevant authority is unavailing.  Accordingly, there is no apparent question of law, controlling or otherwise, which merits interlocutory review.

Finally, granting Mr. Simone leave to appeal would produce judicial inefficiency during an already lengthy action (or actions, given Mr. Simone's pending bankruptcy).  The court's determination in this action would not end the issue of sanctions; rather, it would only further complicate the issue of summary judgment.  It is for this reason that piecemeal appeals are disfavored.

Accordingly, the Motion to Dismiss, (ECF No. 33), hereby is **GRANTED.**  This appeal is dismissed without prejudice to renewal when the bankruptcy court has issued a final judgment, at which time all appeals may be brought at once.  All pending motions (ECF No. 41, the Motion for Order to supplement the Record; and ECF No. 51, the Motion to Participate in Electronic Filing) hereby are denied as moot.  The Clerk of Court is asked, respectfully, to please close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 30th day of September, 2024.

_____/s/_____ _____
OMAR A. WILLIAMS
United States District Judge